UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. REYES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND, et al.,<br><br>　　　　　Defendants. | Case No. 14-cv-05596-JST<br><br>**ORDER DENYING MOTION TO TRANSFER**<br><br>Re: ECF No. 20 |

Before the Court is a Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) filed by Defendants Bakery and Confectionery Union and Industry International Pension Fund, Steven Bertelli, David B. Durkee, Jethro A. Head, Art Montminy, Robert Oakley, James Rivers, Randy D. Roark, Barbara Brasier, Travis Clemens, Jon McPherson, Lou Minella, Doug Ruygrok, and John Wagner. ECF No. 20. Plaintiff Juan M. Reyes opposes the motion. ECF No. 32. For the reasons set forth below, the Court will deny the motion.

## I.   BACKGROUND

In this putative class action under the Employee Retirement Income Security Act of 1974 ("ERISA"), Plaintiff challenges an amendment to the Bakery and Confectionery Union and Industry International Pension Fund (the "Pension Fund"), a multi-employer defined benefit pension plan. Compl., ECF No. 1. More than four hundred employers across the United States currently make contributions to the plan for the purpose of providing pension benefits to their eligible employees. Declaration of John Beck ("Beck Decl."), ECF No. 21 ¶ 11. As of 2011, 46 of 216 contributing employers were located in California. Declaration of Thomas O. Sinclair ("Sinclair Decl."), ECF No. 33, Ex. 5 ¶¶ 4-5. The employee participants live throughout the United States. Beck Decl. ¶ 14. Plaintiff Reyes is a participant in the plan and a resident of South

San Francisco, California. Compl. ¶ 3.

The Pension Fund's principal office is located at 10401 Connecticut Avenue in Kensington, Maryland. Compl. ¶ 4. The pension plan is administered, most of the Pension Fund's records are kept, and decisions surrounding the challenged amendment were made, at this office. Beck Decl. ¶¶ 27, 32. The thirteen individual Defendants, who are trustees of the Pension Fund, live in California (outside this judicial district), Georgia, Illinois, Indiana, Massachusetts, Nebraska, Ohio, Pennsylvania and Washington. Id. ¶ 39-40. Two trustees work in Kensington, Maryland. Id. ¶ 41.

Reyes filed his class action complaint on December 23, 2014. A second action challenging the same plan amendment, Tagliareni et al. v. Bakery and Confectionery Union and Industry International Pension Fund Pension Plan et al., No. 15-cv-00171, was filed in the Southern District of New York on January 9, 2015. ECF No. 22-7. The plaintiffs in that action have advised that court that they "have determined that it would be best for all concerned to combine the two current cases to conserve judicial and client resources." ECF No. 33-1 at 2. Accordingly, they have stated that "upon a ruling by the Court in the Reyes case with respect to the transfer motion, we will abide by that decision and join with Plaintiffs' counsel to file an Amended Complaint." Id. The Tagliareni plaintiffs intend to dismiss their case in the Southern District of New York without prejudice. Id.

This Court has jurisdiction over the instant action pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

**II.      LEGAL STANDARD**

Where venue is proper, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). It places "discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and

1 fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen, 376
2 U.S. at 622). In deciding a motion to transfer under Section 1404, a court must weigh "a number
3 of case-specific factors." Id.

> For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). The moving party bears the burden to show that the proposed transferee district is the more appropriate forum for the action. Id. at 499.

ERISA's venue provisions permit a plaintiff to bring an ERISA action where: (1) the plan is administered; (2) a breach took place; or (3) a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). These provisions give ERISA plaintiffs an expansive range of permissible venue locations. Varsic v. United States District Court for the Central District of California, 607 F.2d 245, 248 (9th Cir. 1979).

### III.   DISCUSSION

Defendants seek an order transferring this action to the District of Maryland pursuant to 28 U.S.C. § 1404(a). ECF No. 20. They argue that the two existing cases, and any future challenges to the amendment at issue, should be resolved in one district court to avoid wasting resources and risking inconsistent judgments. Id. at 1. Defendants propose that the District of Maryland is a more appropriate forum because it has the strongest connection to the dispute, has a less demanding caseload than the Northern District of California, is the location of all of the relevant documentary evidence, and is more convenient for witnesses, parties, and counsel. Id. at 1-2. Plaintiff opposes transfer, arguing that this would only shift the inconvenience of litigation from one party to another. ECF No. 32 at 8.

#### A.   Venue is Proper in the District of Maryland

In considering a motion to transfer venue under 28 U.S.C. § 1404(a), the Court must first

1  determine whether the action could have been brought in the target district.  Hoffman v. Blaski,
2  363 U.S. 335, 343-44 (1960).  Because the pension plan is administered in Kensington, Maryland,
3  venue would be proper in the District of Maryland.  See 29 U.S.C. § 1132(e)(2) (an ERISA action
4  "may be brought in the district where the plan is administered").  Accordingly, the Court turns to
5  the question of whether the action should be transferred "[f]or the convenience of parties and
6  witnesses, in the interest of justice."  28 U.S.C. § 1404(a).

### B. Consolidation of Related Actions

At the outset, the Court considers Defendants' argument that the proposed transfer of venue is in the interest of justice because it will allow the consolidation of this case with Tagliareni and any additional duplicative actions filed in the future.  ECF No. 20 at 8-10 (citing Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.")).  The Tagliareni plaintiffs have expressed their intention to join this action, either here in the Northern District of California or, if the case is transferred, in the District of Maryland.  ECF No. 33-1 at 2.  Future duplicative actions, if filed, could be transferred to either district.

Defendants acknowledge that, under the "first to file" rule, four similar challenges to a prior plan amendment were transferred to the Southern District of New York, the venue of the first two cases filed, rather than to Maryland.  See ECF No. 20 at 4; ECF No. 35 at 5 n.3; Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994) ("The well-established 'first to file' rule allows a district court to transfer, stay or dismiss an action when a similar complaint has been filed in another federal court." (citing Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 623 (9th Cir. 1991)).  Nevertheless, they argue that a district court might decline to transfer a not-yet-filed duplicative case to the Northern District of California "to give consideration to the convenience of the parties and witnesses," and that this would unnecessarily waste resources and risk inconsistent results.  ECF No. 35 at 3-5; see Ward, 158 F.R.D. at 648 (recognizing a discretionary exception to the first to file rule where "the balance of convenience weighs in favor of the later-filed action").  The possibility that an unnamed district court might choose to disregard the first to file rule and

United States District Court
Northern District of California

decline to transfer a not-yet-filed case to the Northern District of California is too speculative to weigh in this Court's analysis.

The Court therefore concludes that the consolidation of related actions does not weigh in favor of either party.

### C. Plaintiff's Choice of Forum

Generally, "a plaintiff's choice of forum is accorded great deference in ERISA cases." Jacobson v. Hughes Aircraft Co., 105 F.3d 1288, 1302 (9th Cir. 1997), rev'd on other grounds, 525 U.S. 432 (1999).  On the other hand, "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."  Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).  Defendants argue that Reyes's choice of forum is entitled to "diminished" deference because his suit is a class action and the operative facts took place outside California.  ECF No. 20 at 14.

Reyes filed suit in the district where he resides, where he earned his pension credits, and where he pursued administrative remedies prior to this litigation.  ECF No. 32 at 1-3.  His choice of forum is entitled to deference, even though this factor is accorded less weight in a class action context.  It is worth noting that a class has not yet been certified and, if it is certified and Reyes is appointed class representative, he will "still bear a great deal of responsibility."  David v. Alphin, No. 06-cv-04763-WHA, 2007 WL 39400, at *3 (N.D. Cal. Jan. 4, 2007).  Furthermore, although the other putative class members are scattered across the country, there is no evidence that they are concentrated in Maryland or indeed in any state,[1] or that they will need to appear in this action.

This factor weighs against transfer.

### D. Convenience of the Parties and Witnesses

Convenience to the parties weighs in favor of neither party.  The Pension Fund is located in the District of Maryland, and its employees reside in and around Maryland.  For the Fund, "the Northern District of California is about the *least* convenient forum available."  ECF No. 35 at 4

---

[1] Notably, although Defendants provide information regarding the percentage of plan participants who reside "East of the Mississippi River," Beck Decl. ¶¶ 15-16, they elect not to state the percentage who live in California or Maryland specifically.

(emphasis in original).[2]  Reyes, who depends on social security disability benefits, resides in the Northern District of California, and asserts that litigation in Maryland would result in "nearly impossible inconvenience." ECF No. 32 at 7.  No individual Defendant resides in either district.  The putative class members are spread across the country.

Plaintiff suggests that any inconvenience to Defendants will be minimal because the case will likely involve little discovery, drawing a comparison with prior litigation involving the Fund.  ECF No. 32 at 7; see also Alcantara v. Bakery & Confectionery Union and Industry International Pension Plan, 751 F.3d 71 (2d Cir. 2014). On the one hand, there is no way to predict at this stage how much discovery, if any, this case will entail.  Moreover, Defendants are correct that the allegations in the complaint, including the claim that the trustee Defendants breached their fiduciary duty to plan participants, are likely to require more factual development than the claims at issue in Alcantara.  ECF No. 35 at 8-10.  On the other hand, as Defendants conceded at today's hearing, discovery concerning persons outside California will likely take place in their home states, rather than in this district.  Although it is possible that the Defendants will need to travel to California for trial, the time and resources expended on discovery will greatly outweigh those spent on trial, which the parties estimate will last only three to five days.  ECF No. 34 at 13.  None of the individual defendants live in Maryland, so the question is not whether they will need to travel, but how far.  The Court finds the inconvenience to Defendants of litigating in this district to be minor.

In turn, Defendants attempt to minimize the relevance of inconvenience to Plaintiff by arguing that his participation is unnecessary to the disposition of a class action.  ECF No. 35 at 7-8.  But Reyes is still likely to testify at trial on his own behalf and has an interest in attending the trial and any important hearings.  See David, 2007 WL 39400, at *3.  The Court will not grant a motion to transfer simply to shift the inconvenience to the plaintiff.  Decker Coal. Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).  The fact that Defendant is alleged to be a financially fragile pension plan, ECF No. 35 at 8 n.7, does not change this analysis.

---

[2] Given that the Northern District of California is home to three international airports, Defendants' use of the word "least" is perhaps a touch of hyperbole.

6

Convenience to witnesses weighs only slightly in favor of transfer. Defendants state that witnesses with relevant knowledge of the certification of the plan as being in critical status and the adoption of the challenged amendment live in or near Maryland. ECF No. 20 at 11-12. They list Robert Bergin, the retired Executive Director of the Pension Fund and a resident of Delaware; the New York-based actuaries who certified the plan as being in critical status; and the Pension Fund's staff, who live in and around Maryland. Id.; Beck Decl. ¶¶ 33-37. The District of Maryland is more convenient for all of these witnesses, but since they are beyond the subpoena power of this Court, Fed. R. Civ. P. 45(c), they will testify – if at all – by deposition, in their home districts. There is no way of knowing now how many of these witnesses will need to travel to California to testify at trial, and if they do so it will be voluntarily.

The Pension Fund maintains its records in Maryland and nearly all of the relevant documentary evidence is therefore located in the District of Maryland. However, this factor does not significantly favor transfer. "With technological advances in document storage and retrieval, transporting documents does not generally create a burden." David, 2007 WL 39400, at *3. In addition, the Court gives no weight to the convenience of litigating in Maryland for counsel. See In re Funeral Consumers Antitrust Litigation, No. 05-cv-01804-WHA, 2005 WL 2334362, at *4 (N.D. Cal. Sept. 23, 2005) ("Although a few decisions have given weight to the location of counsel, most have not saying that it is not to be considered at all or to be given very little weight.").

### E.     Interest of Justice

In evaluating the interest of justice, a court may consider public interest factors such as court congestion, local interest in deciding local controversies, conflicts of laws, and burdening citizens in an unrelated forum with jury duty. Decker Coal. Co., 805 F.2d at 843. The last two factors do not apply here. This ERISA action will be decided under federal law regardless of where it is heard, and the parties agree that the case will not be tried to a jury. ECF No. 34 at 12, 13.

Court congestion also does not weigh in favor of transfer. Statistics from the Federal Judicial Center indicate that during the twelve-month period ending on September 30, 2014, the

average caseload per active judge was comparable in the District of Maryland and the Northern District of California (368 and 375 cases per active judge, respectively). Supplemental Declaration of Caroline Davis ("Davis Decl."), ECF No. 37 ¶ 4, Exs. C-D. The median time interval from filing to disposition of civil cases was 7.0 months in the District of Maryland and 7.9 months in the Northern District of California. ECF No. 37 Ex. E at 1, 3. These statistics do not significantly favor either side.

Defendants argue that transfer to the District of Maryland would be in the interest of justice because Maryland has a particular interest in the proper resolution of this dispute. ECF No. 20 at 10. The Pension Fund is headquartered in Maryland, and the deliberations surrounding the challenged amendment occurred exclusively in Maryland. Beck Decl. ¶¶ 27, 32. But California also has an interest in the outcome of this suit. As of 2011, more than one fifth of the employers making contributions to the plan nationwide were based in California. Sinclair Decl. Ex. 5 ¶¶ 4-5. This suggests that something on the order of one-fifth of the plan participants affected may also be California residents. Nothing in the record suggests that a comparable number of plan participants reside in Maryland. At the hearing, Defendants acknowledged that more participants reside in California than any other state. The Court therefore concludes that both California and Maryland have an interest in the suit.

Balancing these factors, the Court determines that Defendants have not met their burden to show that the District of Maryland is a more appropriate forum for this action. Although the convenience of non-party witnesses weighs gently in favor of transfer, this factor is not sufficient to outweigh the Court's deference to Plaintiff's choice of this forum.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to transfer venue is denied.

IT IS SO ORDERED.

Dated: April 9, 2015

_____
JON S. TIGAR
United States District Judge

8