UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. REYES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND, et al.,<br><br>    Defendants. | Case No. 14-cv-05596-JST<br><br>**ORDER GRANTING MOTION FOR CLASS CERTIFICATION**<br><br>Re: ECF No. 64 |

Before the Court is Plaintiffs' motion for class certification. ECF No. 64. Defendants do not oppose the motion. ECF No. 70. For the reasons set forth below, the Court will certify the proposed class and appoint class representatives and class counsel.

## I. BACKGROUND

Plaintiffs, participants in the Bakery and Confectionery Union and Industry International Pension Fund (the "Fund"), bring this action on behalf of themselves and similarly situated participants pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). First Amended Complaint ("FAC"), ECF No. 44, ¶ 1. Plaintiffs allege that Defendants, the Fund and its trustees, failed to comply with the requirements of ERISA and the Pension Protection Act of 2006 ("PPA") in adopting an amendment to the pension plan. Id.

The Fund is a multi-employer defined benefit pension plan that covers tens of thousands of participants and beneficiaries throughout the United States. Id. ¶¶ 25-26. Under the terms of the Fund, certain employers offered participants subsidized early retirement plans known as "Plan G" (the "Golden 80 Plan") and "Plan C" (the "Golden 90 Plan"). Id. ¶ 29. Under the Golden 80 Plan, when a participant's age and service, in years and months, equal 80 years, the participant is

United States District Court
Northern District of California

entitled to retire at the full benefit level, except that participants who entered the plan after December 3, 1998 must have a minimum number of years of service. Id.  Similarly, under the Golden 90 Plan, when a participant's age and service, in years and months, equal 90 years, the participant is entitled to retire at the full benefit level, except that participants who commenced participation after December 3, 1998 must have a minimum number of years of service. Id. Before July 2010, participants who retired before normal retirement age without the required 80 or 90 years of combined age and service could "age into" the benefit. Id. ¶ 31. In other words, such a participant would begin receiving full retirement benefits when his or her years of combined age and service reached the required number, without returning to work in covered employment. Id. Similarly, when a participant died before reaching the necessary 80 or 90 years of combined age and service, the surviving spouse could receive the normal retirement age pension when the participant spouse would have "aged into" the benefit. Id. ¶ 32.

In July 2010, the Fund's trustees amended the Fund to eliminate the option to age into these benefits, and instead required that a participant be employed with a participating employer at the time he or she qualified for Golden 80 or 90 benefits. Id. ¶ 33. Lawsuits challenging this amendment were consolidated in the Southern District of New York. Id. ¶ 35. While this litigation was ongoing, Defendants distributed a "Notice of Critical Status" dated April 27, 2012, which announced that subsidized early retirement benefits such as the Golden 80 and Golden 90 Plans might be reduced or eliminated as part of a rehabilitation plan. Id. ¶¶ 37-39. In the Rehabilitation Plan, dated November 7, 2012, the trustees adopted an amendment identical to the July 2010 amendment, effective April 30, 2012, "as a contingent measure because of the pending court challenge to the earlier amendment." Id. ¶ 44. In May 2014, the Second Circuit affirmed the district court's decision to strike the 2010 amendment, and the 2012 contingent amendment went into effect. Id. ¶ 48.

Plaintiffs allege that the contingent amendment is "void for illegality under ERISA because it has neither been enacted nor effectuated in compliance with ERISA's provisions, including the provisions of the PPA which create a narrow exception to ERISA's anti-cutback scheme." Id. ¶ 1. More specifically, Plaintiffs assert that the amendment is null and void because

2

(1) it illegally reduces or eliminates benefits without the Fund having first provided proper notice under ERISA § 305(e)(8)(C); or, in the alternative, because (2) the Fund was not properly certified as being in "Critical Status" within the meaning of the PPA and in satisfaction of the criteria set forth in 29 U.S.C. section 1085(b) prior to the issuance or effectuation of the amendment. Id.

Plaintiffs now seek certification of the following class:

> All participants in the Bakery and Confectionery Union and Industry International Pension Fund or, if deceased, their beneficiaries or Estates, who
>
> (i) accrued (a) years of Covered Employment credits and (b) age credits towards eligibility for pension benefits under Plan C (also known as the "Golden 90") or Plan G (also known as "Golden 80"), and
>
> (ii) who would be eligible for Plan C or Plan G benefits except that their age and years of service first totaled 80 (with respect to Plan G eligibility) or 90 (with respect to Plan C eligibility) on or after May 1, 2012, at a time when they were not working in covered employment.

ECF No. 65 at 8. Plaintiffs state that this definition "is the product of extensive discussions with the Defendants to agree upon an accurate and mutually-acceptable description of the Class," and that it "does not exclude any persons that Plaintiffs contemplated would be covered in their originally pleaded definition." Id. Defendants do not oppose certification of this class. ECF No. 70.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## II.   LEGAL STANDARD

Class certification under Federal Rule of Civil Procedure 23 is a two-step process. First, a plaintiff must demonstrate that the four requirements of Rule 23(a) are met: numerosity, commonality, typicality, and adequacy. "Class certification is proper only if the trial court has concluded, after a 'rigorous analysis,' that Rule 23(a) has been satisfied." Wang v. Chinese Daily News, Inc., 737 F.3d 538, 542-43 (9th Cir. 2013) (quoting Wal–Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2551 (2011)).

Second, a plaintiff must establish that one of the bases for certification in Rule 23(b) is met. Here, Plaintiffs invoke Rule 23(b)(1)(A), (b)(1)(B), and (b)(2). See ECF No. 65 at 17.

3

Defendants do not oppose the motion to the extent that Plaintiffs seek to certify the class under either Rule 23(b)(1)(A) or 23(b)(2).  ECF No. 70 at 1.  A plaintiff invoking Rule 23(b)(1)(A) must establish that prosecuting separate actions would create a risk of "inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class."  A plaintiff invoking Rule 23(b)(1)(B) must show that separate actions would create a risk of "adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests."  Finally, a plaintiff invoking Rule 23(b)(2) must establish that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."[1]

The party seeking class certification bears the burden to "affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc."  Wal-Mart, 131 S.Ct. at 2551 (emphasis in original); Tokoshima v. Pep Boys, No. 12-cv-04810-CRB, 2014 WL 1677979, at *5 (N.D. Cal. Apr. 28, 2014) ("The party seeking class certification bears the burden of demonstrating by a preponderance of the evidence that all four requirements of Rule[] 23(a) and at least one of the three requirements under Rule 23(b) are met.").

---

[1] This Court has previously found that "ascertainability" or "definiteness" is also an inherent requirement of at least Rule 23(b)(3) class actions.  Lilly v. Jamba Juice Co., No. 13-cv-02998-JST, 2014 WL 4652283, at *3 (N.D. Cal. Sept. 18, 2014); see Vietnam Veterans of Am. v. C.I.A., 288 F.R.D. 192, 211 (N.D. Cal. 2012).  Here, Plaintiffs seek certification of a Rule 23(b)(1) or Rule 23(b)(2) class, and the briefing does not address ascertainability.  The Court need not decide whether ascertainability is required outside the context of Rule 23(b)(3) class actions because such a requirement, if applicable, would not preclude certification of this class.  The proposed class definition, which is based on potential eligibility for particular benefits under a specific pension plan, is "definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member."  Vietnam Veterans, 288 F.R.D. at 211 (quoting O'Connor v. Boeing N. Am., Inc., 184 F.R.D. 311, 319 (C.D.Cal. 1998)).

4

## III. DISCUSSION

### A. Class Certification

#### 1. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." The parties agree that there are thousands of affected pension plan participants who fall within the proposed class definition, and the Court therefore concludes that this requirement is met.

#### 2. Commonality

A Rule 23 class is certifiable only if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). For the purposes of Rule 23(a)(2), "even a single common question" is sufficient. Wal-Mart, 131 S.Ct. at 2556 (internal alterations omitted). The common contention, however, "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id. at 2551. "What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." Id.

The Court agrees with the parties that the proposed class satisfies the commonality requirement because Plaintiffs' challenge to the contingent amendment under ERISA and the PPA entails consideration of questions applicable to all members of the class as a group, and does not require an inquiry into the actions and circumstances of individual plan participants.

#### 3. Typicality

In certifying a class, courts must find that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed R. Civ. P. 23(a)(3). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992). "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" Id. (quoting Schwartz v. Harp, 108 F.R.D.

5

279, 282 (C.D.Cal. 1985)).

The Court finds that proposed class representatives Juan M. Reyes, Salvatore Tagliareni, Angel De La Cruz, Antonio Merolla, Smail Musovic, Tesfaye Ghebremedhin, Philip Rogers, Almond Reid, Carmelo Calabro, Russell Neubert, and John Williams are typical of the class they seek to represent. Their claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members" and their "claims are based on the same legal theory," Hunt v. Check Recovery Sys., Inc., 241 F.R.D. 505, 511 (N.D. Cal. 2007), because they challenge the validity of a plan amendment that applies broadly to the class as a whole.

### 4. Adequacy of Representation

The Court must also find that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In considering the adequacy of the proposed class representatives, the Court addresses two questions: "(a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 462 (9th Cir. 2000). This requirement "'tend[s] to merge' with the commonality and typicality criteria of Rule 23(a)." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 626 n.20 (1997) (quoting Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 157 n.13 (1982)). Among other functions, these requirements serve as ways to determine "whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Gen. Tel. Co., 457 U.S. at 157 n.13.

Here, the named Plaintiffs have a similar alleged injury as the rest of the proposed class, and their claims are not based on any conduct that is unique to them. There are no apparent conflicts between the named Plaintiffs, their counsel, and the proposed class, and neither is there any reason to believe they will not prosecute the action vigorously or adequately protect the absent class members' interests. See Lilly, 2014 WL 4652283, at *6. Accordingly, the Court concludes that Plaintiffs have established adequacy of representation.

### 5. Rule 23(b)

In addition to meeting the four requirements of 23(a), the proposed class must satisfy one

of the Rule 23(b) requirements.  "Most ERISA class action cases are certified under Rule 23(b)(1)."  Kanawi v. Bechtel Corp., 254 F.R.D. 102, 111 (N.D. Cal. 2008).  Plaintiffs argue that this class may be certified under Rule 23(b)(1)(A), Rule 23(b)(1)(B), and Rule 23(b)(2).  ECF No 65 at 16-21.  Defendants agree that the requirements of Rule 23(b)(1)(A) and Rule 23(b)(2) are satisfied, but doubt that the class may be certified under Rule 23(b)(1)(B).  ECF No. 70 at 2 & n.1.

Rule 23(b)(1) permits certification if:

> [P]rosecuting separate actions by or against individual class members would create a risk of:
>
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

The Court concludes that Plaintiffs satisfy Rule 23(b)(1)(A).  The parties agree that there are thousands of potential plaintiffs affected by the challenged contingent amendment, and each one could individually file suit for damages arising from the same conduct.  "This would create a risk of 'inconsistent and varying adjudications,' resulting in 'incompatible standards of conduct' for Defendants.  Kanawi, 254 F.R.D. at 111.  In light of this risk, Plaintiffs have successfully satisfied the requirements of Rule 23(b)(1)(A).  Id.  Because the Court finds that certification is appropriate on this basis, the Court does not address whether Plaintiffs also satisfy Rule 23(b)(1)(B) and Rule 23(b)(2).  See Hernandez v. Cnty. of Monterey, 305 F.R.D. 132, 164 n.226 (N.D. Cal. 2015).

### B. Appointment of Class Counsel

Plaintiffs seek appointment of their attorneys as class counsel.  ECF No. 65 at 21.  Defendants do not contest the adequacy of proposed class counsel.  ECF No. 70 at 2.

Under Rule 23(g), which governs the appointment of class counsel, the Court must consider: (1) "the work counsel has done in identifying or investigating potential claims in the

1   action"; (2) "counsel's experience in handling class actions, other complex litigation, and the types

2   of claims asserted in the action"; (3) "counsel's knowledge of the applicable law;" and (4) "the

3   resources that counsel will commit to representing this class." Fed. R. Civ. P. 23(g)(1)(A). In

4   addition, the Court "may consider any other matter pertinent to counsel's ability to fairly and

5   adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

6       The Court concludes that Plaintiffs' counsel should be appointed class counsel. Plaintiffs'

7   counsel previously challenged the 2010 amendment on behalf of plan participants in the related

8   litigation in New York, and have demonstrated their experience in ERISA and class action

9   litigation. There is no evidence before the Court that Plaintiffs' counsel has interests which

10  conflict with those of the class or that they cannot or will not vigorously prosecute this case. See

11  Marsh v. First Bank of Delaware, No. 11-cv-05226-WHO, 2014 WL 554553, at *15 (N.D. Cal.

12  Feb. 7, 2014). The Rule 23(g) factors are met.

## CONCLUSION

For the foregoing reasons, the Court hereby certifies a class defined as follows:

> All participants in the Bakery and Confectionery Union and Industry International Pension Fund or, if deceased, their beneficiaries or Estates, who
>
> (i)    accrued (a) years of Covered Employment credits and (b) age credits towards eligibility for pension benefits under Plan C (also known as the "Golden 90") or Plan G (also known as "Golden 80"), and
>
> (ii)   who would be eligible for Plan C or Plan G benefits except that their age and years of service first totaled 80 (with respect to Plan G eligibility) or 90 (with respect to Plan C eligibility) on or after May 1, 2012, at a time when they were not working in covered employment.

Plaintiffs Juan M. Reyes, Salvatore Tagliareni, Angel De La Cruz, Antonio Merolla, Smail Musovic, Tesfaye Ghebremedhin, Philip Rogers, Almond Reid, Carmelo Calabro, Russell Neubert, and John Williams are appointed Class Representatives.

/ / /

/ / /

/ / /

1  Plaintiff's counsel, the Law Office of Geoffrey V. White, Sinclair Williams LLC, Frumkin & Hunter LLP, and Abbey Spanier LLP are appointed Class Counsel.

IT IS SO ORDERED.

Dated: September 22, 2015

_____
JON S. TIGAR
United States District Judge