UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. REYES, et al.,<br>　　　vs.<br>BAKERY AND CONFECTIONERY UNION AND<br>INDUSTRY INTERNATIONAL PENSION FUND, et al. | Case No.  3:14-cv-5596-JST |

## NOTICE OF PROPOSED CLASS ACTION
## SETTLEMENT AND FAIRNESS HEARING

Please read this notice carefully.  Your rights may be affected by the proposed settlement described in this notice.  A federal Court authorized this notice.  It is not a solicitation from a lawyer.  Your legal rights may be affected if you are a member of the following class:

All participants in the Bakery and Confectionery Union and Industry International Pension Fund or, if deceased, their beneficiaries or Estates, who

(i)  Accrued (a) years of covered Employment credits and (b) age credits towards eligibility for pension benefits under Plan C (also known as the "Golden 90") or Plan G (also known as "Golden 80"), and

(ii)  Who would be eligible for Plan C or Plan G benefits except that their age and years of service first totaled 80 (with respect to Plan G eligibility) or 90 (with respect to Plan C eligibility) on or after May 1, 2012 at a time when they were not working in covered employment.

When the terms "Class" or "Class Members" are used in this Settlement Notice, they refer to the people described above.

*Este aviso contiene información importante en inglés sobre un acuerdo legal en un juicio sobre los beneficios 80 Dorados y 90 Dorados del Bakery and Confectionery Union and Industry International Pension Plan.  Este acuerdo podría afectar sus derechos. Si usted tiene alguna dificultad entendiendo este aviso, o si a usted le gustaría recibir esta información en español, por favor escriba a info@bakeryclassaction.com, llame a Strategic Claims Services, (866) 274-4004, o visite www.bakeryclassaction.com.*

**IF YOU HAVE QUESTIONS REGARDING THE SETTLEMENT PROCESS OR THE SETTLEMENT TERMS, CONTACT THE SETTLEMENT ADMINISTRATOR, STRATEGIC CLAIMS SERVICES AT (866) 274-4004.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **IF YOU BEGAN RECEIVING A PENSION OF ANY TYPE FROM THE PENSION FUND BEFORE JUNE 1, 2016** | A Letter of Exemption is enclosed with this Settlement Notice. You <u>Do Not</u> need to submit the Application. The Settlement Administrator will contact you within the next four (4) weeks to confirm your information is correct. |
| **SUBMIT THE APPLICATION FORM TO APPLY FOR BENEFITS BY [DATE], UNLESS YOU RECEIVED A LETTER OF EXEMPTION WITH THIS NOTICE** | If you believe you qualify for Golden 80/90 benefits during the time period of May 1, 2012 to May 31, 2016, and you did <u>not</u> begin receiving a Pension before June 1, 2016, you <u>must</u> submit the Application form to receive payment under the Settlement. The Application Form is available on the Settlement Administrator's website: www.bakeryclassaction.com. If, from the Pension Fund's records, it appears you may qualify for Golden 80/90 benefits during the time period of May 1, 2012 to May 31, 2016 the Application Form is enclosed with your copy of this Notice. |
| **OBJECT BY [DATE]** | Write to the Court about why you don't like the settlement. You may object <u>and</u> receive Settlement benefits. |
| **GO TO A FAIRNESS HEARING ON [DATE]** | Ask to speak in Court on [DATE] at [TIME] a.m./p.m. about the fairness of the settlement. |

**PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.**

• The Court has preliminarily approved a proposed settlement (the "Settlement") of a class action lawsuit brought under the Employee Retirement Income Security Act ("ERISA") against Bakery and Confectionery Union and Industry International Pension Fund (the "Pension Fund"); and Steven Bertelli, David B. Durkee, Jethro A. Head, Art Montminy, James Rivers, Randy D. Roark, Barbara Brasier, Travis Clemens, Jon McPherson, Lou Minella, Doug Ruygrok, and John Wagner, in their capacities as current or former Trustees (collectively "Defendants").

• The Settlement will provide for payments to certain Class Members. Those who will be eligible to receive payments are the Class Members who would have aged into Golden 80 or Golden 90 benefits between May 1, 2012 and May 31, 2016 (this period is called the Payment Period), but were prevented from receiving those benefits by the amendment in the 2012 Rehabilitation Plan that required participants to be in covered employment when their age and service first added up to 80 or 90. For Class Members entitled to recover incidental monetized relief, the amount of that incidental monetized relief shall be calculated as follows. For Class Members, the calculation of the Payment Period Settlement Amount is to first take the amount of Golden 80 or 90 benefits that would have been payable to the Class Member during the Payment Period but for the 2012 Amendment, then deduct the amount of benefits that the Class Member

2

actually received from the Pension Fund during the Payment Period and then to multiply the difference by thirty-seven percent (37%) and while this amount will be reduced by the Class Members' share of attorneys' fees and expenses allowed by the Court, the amount payable to Class Members is not expected to fall below twenty-five percent (25%) of the difference due to those fees and expenses.

• A hearing on the final approval of the Settlement and for approval of the Class Representatives' petition for Attorneys' Fees and Costs and compensation to the Class Representatives will take place on _____date and time_____ before U.S. District Judge Jon S. Tigar in Courtroom 9, United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.

• If the Settlement is approved, it will release all claims of Class Members that were, or could have been, asserted in this case – including claims for money damages. The scope of this release is described in more detail below.

• Any objections to the Settlement, the release, your inclusion in the Class, the petition for Attorneys' Fees and Costs, or any award to the Class Representatives, must be sent in writing to the Clerk of the Court, as identified in Question 12 of this Settlement Notice. The objection will not be timely unless postmarked on or before [date] before the Fairness Hearing scheduled by the Court.

• The terms and conditions of the Settlement are summarized below. A complete copy of the Settlement Agreement, dated February 24, 2017, is available at www.bakeryclassaction.com.

• If you have questions regarding the Settlement, you may contact the Settlement Administrator or, Strategic Claims Services at (866) 274-4004.

• Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement.

• Your rights and options – and the deadlines to exercise them – are explained in this Settlement Notice.

• The Court still has to decide whether to grant Final Approval of the Settlement. Payments under the Settlement will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeal.

• Further information regarding the litigation, the Settlement, and this Settlement Notice, including any changes to the terms of the Settlement and all orders of the Court regarding the Settlement, can be obtained at www.bakeryclassaction.com

**The Class Action Lawsuit**

The lawsuit that is the subject of the proposed Settlement is called *Reyes v. Bakery and Confectionery Union and Industry Pension Fund, et al.*, Case No. 3:14-cv-5596 (JST) (the "Class Action"). The Court supervising the case is the U.S. District Court for the Northern District of California. Plaintiffs in this Action have brought certain claims against the Fund and

its Trustees concerning a 2012 plan amendment affecting eligibility for what are known as Golden 80 or Golden 90 benefits, which are subsidized early retirement benefits that generally become available when the sum of a participant's age and years of covered employment exceeds 80 (or, in the case of the Golden 90 plan, 90). Prior to the 2012 plan amendment, the Fund permitted participants to "age into" Golden 80 or 90 pensions. That is, a participant could leave covered employment before the sum of her age and service met the 80- or 90-year threshold and still become eligible for the full benefits when, later, the threshold sum of years was met due to the fact that the participant had gotten older. In 2012, the Pension Fund adopted the 2012 Rehabilitation Plan that included, among other things, an amendment requiring participants, with certain exceptions, to be working in covered employment in order to become eligible for Golden 80 or 90 benefits. The remainder of this Settlement Notice uses the term "2012 Amendment" to refer to this particular rule change in the 2012 Rehabilitation Plan that required participants to be working in covered employment to be eligible for Golden 80 or 90 benefits.

**Statement of Attorneys' Fees and Costs Requested in the Class Action**
Class Counsel has been litigating this case on behalf of Class Members for more than two (2) years. Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the case. Any Attorneys' Fees and Costs awarded by the Court to any Class Counsel, and not paid by insurance coverage, will be paid from the Settlement Fund.

As is customary in class action cases in which the Class Representatives have spent time and effort to support the case, Class Counsel will also ask the Court to approve compensation for out-of-pocket expenses and lost wages, not to exceed $1,000, for each of the eleven Class Representatives who worked with Class Counsel, took on the risk of litigation, and devoted considerable time and committed to spend the time necessary to bring the case to conclusion. Any compensation awarded to Class Representatives by the Court will be paid from the Settlement Fund. This Settlement Notice uses the term "Net Settlement Amount" to describe the money that is left in the Settlement Fund after payment of the administrative costs associated with the Settlement and any amounts that the Court awards in attorneys' fees, expenses, and Class Representatives' compensation.

## QUESTIONS & ANSWERS REGARDING THE SETTLEMENT:

**1. Why Did I Receive This Settlement Notice?**
The Court caused this Settlement Notice to be sent to you because the Pension Fund's records indicate that you may be a Class Member. If you are a Class Member, you have a right to know about the Settlement and about all of the options available to you, and to raise objections, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be paid out to those Class Members who qualify.

**2. What Is The Class Action About?**
In the Class Action, Plaintiffs allege that Defendants violated ERISA by adopting the 2012 Amendment. Specifically, the Class Representatives contend that the Pension Fund did not send its participants timely notice that the 2012 Amendment reduced their Golden 80/90 benefits, and that the Pension Fund was not properly determined to be in critical status prior to adopting the Rehabilitation Plan in 2012. Defendants deny all of the claims and contentions of the Class Representatives.

**3. Why Is There A Settlement?**

All of the parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. Class Representatives and Class Counsel believe that the Settlement is in the best interest of all Class Members.

**4. What Does The Settlement Provide?**

The Settlement provides for the entry of a permanent injunction prohibiting the Fund from ever enforcing or otherwise applying the 2012 Amendment as to any pension application with a pension effective date on or after June 1, 2016 and further prohibiting the Fund from enforcing the 2012 Amendment in a manner that would be inconsistent with the claims procedure set forth in the Settlement Agreement. This settlement does not address the Fund's 2016 Amendment which is not at issue in the litigation. It does not prevent the Fund from enforcing the separate amendment that the Trustees adopted, effective June 1, 2016, that prohibited anyone who aged into Golden 80 or Golden 90 benefits after April 30, 2012 after leaving covered employment from receiving Golden 80 or Golden 90 benefits on or after June 1, 2016. That amendment is not affected by the Settlement. That amendment is referred to here as the "2016 Amendment." The Settlement also provides for payments to Class Members who aged into Golden 80/90 benefits and would have received a Golden 80/90 pension payment between May 1, 2012 and May 31, 2016 except for the 2012 Amendment. The amount of such payments is described elsewhere in this Settlement Notice.

All Class Members, and anyone claiming through them, will fully release the Defendants and their "Released Parties" from "Released Claims."

- Released Parties include all of the Defendants and Trustees, as well as any other person or entity that at any time between January 1, 2012 and June 1, 2016 served as a named or functional fiduciary or a trustee of the Pension Fund, as well as any representative of any Defendants or Trustees, including, but not limited to, their actuaries, attorneys, agents, directors, officers and employees.

- Released Claims include any and all actual or potential, known or unknown, claims (including but not limited to claims to the Pension Fund for benefits, as well as claims for attorneys' fees, expenses and costs), actions, damages, losses, causes of action, demands, obligations, and liabilities arising out of, or related to, the transactions or occurrences asserted in Plaintiffs' Original Class Action Complaint, Plaintiffs' First Amended Class Action Complaint, or Plaintiffs' Second Amended Class Action Complaint in the Action, including but not limited to (i) the determination that the Pension Fund was in critical status under ERISA Section 305 in 2012; (ii) plan amendments adopted in the 2012 Rehabilitation Plan affecting Golden 80 and Golden 90 benefits; and (iii) notice of such plan amendments; except that Released Claims do not include: (a) any rights or duties arising out of the Settlement Agreement; (b) any right of Class Plaintiffs to apply on Class Counsel's behalf for an award of attorneys' fees and expenses in the Action; (c) any ERISA Section 502(a)(1)(B) claim for vested benefits by any Plan participant or beneficiary pursuant to the Plan Rules where such claims are unrelated to any matter asserted in this Action; and (d) any potential claims arising out of the 2016 Amendment

and/or the 2016 Notice of Critical Status where such claims do not challenge the validity of the determination that the Pension Fund was in critical status under ERISA Section 305 in 2012 or the validity of plan amendments adopted in the 2012 Rehabilitation Plan affecting Golden 80 and Golden 90 benefits. With respect to Class Members other than the Class Representatives, in no event will the scope of the Released Claims be broader than the res judicata effect of a final judgment in this Action.

This means that, if the Settlement is approved by the Court, Class Members will not have the right to sue the Defendants for any alleged misconduct arising out of or relating to the allegations in the Class Action. In addition, the Settlement Agreement will prevent any Class Member from filing or maintaining any cause of action, demand, or claim on the basis of, connected with, arising out of, or substantially related to, any of the Released Claims.

IF YOU OBJECT TO ANY OF THESE PROVISIONS, AFTER PROVIDING SATISFACTORY PROOF THAT YOU ARE A CLASS MEMBER, YOU MUST FILE AN OBJECTION AS DETAILED IN QUESTION 12 BELOW.

This is only a summary of the Settlement. The entire Settlement Agreement is at www.bakeryclassaction.com.

### 5. Why Doesn't the Settlement Provide for Payments to All Class Members?

Some Class Members are ineligible for a Golden 80 or 90 benefit because of some other Plan Rule that applies to them that is not the 2012 Amendment, or because they have not reached the point at which they might have "aged into" a Golden 80 or 90 benefit, because the sum of their age and years working in covered employment does not exceed 80 or 90, i.e., the threshold for such benefits. For these Class Members and those who only would have become eligible to receive Golden 80 or Golden 90 benefits on or after June 1, 2016, their ability to qualify for a Golden 80 or 90 benefit while not working in covered employment was independently affected by the 2016 Amendment. The Class Action did not raise any claims based on the 2016 Amendment. Any such claims would have to be litigated separately on grounds independent from the claims asserted in the Class Action.

### 6. How Much Will My Payment Be?

The Settlement will provide for payments to certain Class Members. Those who will be eligible to receive payments are the Class Members who would have aged into Golden 80 or Golden 90 benefits between May 1, 2012 and May 31, 2016, but were prevented from receiving those benefits by the amendment in the 2012 Rehabilitation Plan that required participants to be in covered employment when their age and service first added up to 80 or 90. For Class Members entitled to recover incidental monetized relief, the amount of that incidental monetized relief shall be calculated as follows. For Class Members, the calculation of the Payment Period Settlement Amount is to first take the amount of Golden 80 or 90 benefits that would have been payable to the Class Member during the Payment Period but for the 2012 Amendment, then deduct the amount of benefits that the Class Member actually received from the Pension Fund during the Payment Period and then to multiply the difference by thirty-seven percent (37%) and while this amount will be reduced by the Class Members' share of attorneys' fees and expenses

allowed by the Court, the amount payable to Class Members is not expected to fall below twenty-five percent (25%) of the difference due to those fees and expenses.

If you receive a payment under the Settlement, it will have no effect on:
- The amount or duration of any benefit that you are now receiving from the Pension Fund, or
- Your right to receive other benefits from the Pension Fund in the future.  Please note that you will have to apply for any future benefits separately, when you are ready to retire.  Your application for a payment under the Settlement will not be treated as an application for any future pension.

**7. How Can I Receive a Settlement Distribution?**

The rules are different based on whether you are already receiving a pension benefit from the Fund with a pension effective date before June 1, 2016.  If you are already receiving such a pension, you are not required to file an Application in order to become eligible for a settlement distribution.  If you have any doubt whether you are in this category of "Class Members in Pay Status," please note whether this Settlement Notice came with a Letter of Exemption.  If you are a Class Member in Pay Status, you should have received this Letter of Exemption with the Notice.

**If you <u>did</u> receive a Letter of Exemption with this Settlement Notice, then the Settlement Administrator will automatically determine whether you are eligible for a Settlement Award, and you should <u>not</u> submit an Application Form.** The Settlement Administrator will contact you in approximately four (4) weeks with more information about whether you are eligible for a Settlement Award and, if so, a calculation of the amount of benefits on which your share will be calculated together with more information about receiving your share of the settlement award. If you disagree with the Fund's determination of the amount of benefits, if any, you will have forty-five (45) days from the date of the mailing of that determination to request review of the Fund's decision. If after considering your request for review, the Fund declines to overturn its prior determination, you will have seventy-five (75) days to seek review before the Court.  The Court's determination will be final, and no further appeals will be permitted.

**If you did <u>not</u> receive a Letter of Exemption with this Settlement Notice, you must complete and submit an application form to obtain a determination whether you are eligible for payments.**  If, from the Pension Fund's records, it appears you may qualify for Golden 80/90 benefits during the time period of May 1, 2012 to May 31, 2016, the Application Form is enclosed with your copy of this Notice.  If no Application Form is enclosed, but you believe you qualify for Golden 80/90 benefits during the time period of May 1, 2012 to May 31, 2016, the Application Form is available on the Settlement Administrator's website: www.bakeryclassaction.com.  Please fill out the Application Form completely and accurately, attach copies of all birth certificates, divorce decrees, marriage certificates or death certificates that are requested, and mail it to Strategic Claims Services, 600 N. Jackson Street, Suite 3, Media, PA 19063 or you may email the Settlement Administrator at info@bakeryclassaction.com.  If you want to receive your share of the Settlement, your application must be postmarked or e-mailed to the Settlement Administrator by no later than

[Date].  If you need additional copies of the Application form, you may obtain them at www.bakeryclassaction.com.

**IF YOU HAVE QUESTIONS REGARDING THE SETTLEMENT PROCESS OR THE SETTLEMENT TERMS, CONTACT THE SETTLEMENT ADMINISTRATOR, STRATEGIC CLAIMS SERVICES AT (866) 274-4004.**

If you submit an Application, you will be notified of the Fund's determination whether you are eligible for a share of the Settlement and of the amount of benefits on which your share will be calculated.  If you disagree with the Fund's determination, you will have forty-five (45) days from the date of the mailing of that determination to request review of the Fund's decision.  If after considering your request for review, the Fund declines to overturn its prior eligibility or amount determination, you will have seventy-five (75) days to seek review before the Court.  The Court's determination will be final, and no further appeals will be permitted.

Note that, regardless of whether you are required to submit an Application or not, if you are an alternate payee and you are entitled to a portion of a participant's benefits under a Qualified Domestic Relations Order, your portion of the settlement will be distributed pursuant to the terms of that order.  Other legal rules that apply to the distribution of pension benefits will also apply to the settlement awards.

### 8. When Will I Receive My Distribution?

No settlement payments can be distributed until the Court has given final approval of the Settlement and that approval has been affirmed on appeal or is no longer subject to any appeals in any court.  If anyone appeals from the final approval, it may take several years before that appeal is decided.  If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution will likely occur in 2017.  There will be no payments under the Settlement if the Court does not approve the Settlement or if the settlement agreement is terminated.

### 9. Can I Get Out Of The Settlement and Preserve My Claims?

No. The Court certified this case as a class action under Federal Rule 23(b)(1)(A).  That rule does not allow anyone to opt out of the Settlement and preserve claims.  You may object to the Settlement or any of its terms as described in Question 12, below.

### 10. Do I Have A Lawyer In The Case?

The Court has appointed Thomas O. Sinclair, Geoffrey V. White, William D. Frumkin, Elizabeth E. Hunter, Judith L. Spanier, and Nancy Kaboolian as Class Counsel in the Class Action.  If you want to be represented by your own lawyer, you may hire one at your own expense. The contact information for Class Counsel is as follows:

Judith L. Spanier
Nancy Kaboolian
ABBEY SPANIER, LLP
212 East 39th Street
New York, New York 10016
Telephone: (212) 889-3700
Email: jspanier@abbeyspanier.com
Email: nkaboolian@abbeyspanier.com

Geoffrey V. White
LAW OFFICE OF GEOFFREY V. WHITE
21-C Orinda Way #324
Orinda, California 94563
Telephone: (415) 373-8279
Email: gvwhite@sprynet.com

Thomas O. Sinclair
SINCLAIR LAW FIRM LLC
2100-A SouthBridge Pkwy, Suite 336
Birmingham, Alabama 35209
Telephone: (205) 868.0818
Email: tsinclair@sinclairlawfirm.com

William D. Frumkin
Elizabeth Hunter
FRUMKIN & HUNTER LLP
1025 Westchester Avenue, Suite 309
White Plains, New York 10604
Telephone: (914) 468-6096
Email: wfrumkin@frumkinhunter.com
Email: ehunter@frumkinhunter.com

**11. How Will The Lawyers Be Paid?**

Class Counsel will file a petition for the award of attorneys' fees and expenses. This petition will be considered at the Fairness Hearing. Class Counsel will request attorneys' fees in an amount not to exceed thirty-three percent (33%) of the value of the monetized relief available to Class Members which as presently estimated would equate to attorneys' fees in the amount of $4.04 million plus costs (inclusive of the costs associated with the Settlement Administrator and Class Notice) in an amount not to exceed $375,000.00. There are two sources for the payment of such fees and expenses: the Settlement Fund created by the Settlement and the Fund's insurance policy. To the extent that Class Counsel's fees and the costs are covered and paid by the Fund's insurance policy, such payment shall constitute a credit to any amount Class Counsel seeks from the Settlement Fund. [Certain administrative fees incurred by the Settlement Administrator may also be paid directly from the Fund's insurance policy.] Class Counsel also intend to apply for compensation for each Class Plaintiff in an amount not to exceed $1,000 per Class Plaintiff to be paid from the Settlement Fund. The Court will determine what fees and expenses will be approved. Once it is filed, Class Counsel's petition for an award of attorneys' fees and costs and for compensation for the Class Representatives will be posted on www.bakeryclassaction.com.

**12. How Do I Tell The Court If I Don't Like The Settlement? (DO NOT CALL THE COURT)**

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it, including the attorneys' fees and expenses and the compensation to the Class Representatives. To object, you must send the Clerk of the Court a written statement that you object to the Settlement in *Reyes v. Bakery and Confectionery Union and Industry Pension Fund, et al.*, Case No. 3:14-cv-5596 (JST). Be sure to include your name, address, telephone number, signature, a demonstration that you are a Class Member, and a full explanation of why you object to the Settlement. For your objection to be

timely, your objection must be sent to the Clerk of the Court and postmarked no later than [Date]. Objections should be addressed to:

Office of the Clerk of the Court
Attn: *Reyes v. Bakery Objection,* 14-cv-5596, JST
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102-3489

**13. When And Where Will The Court Decide Whether To Approve The Settlement?**
The Court will hold a Fairness Hearing on _____, at __:__ a.m. before the Honorable Jon S. Tigar in the United States District Court for the Northern District of California, in Courtroom 9, at the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. At the hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the Settlement. The Court will also rule on the petition for Class Counsel's Attorneys' fees and expenses, and compensation for the Class Representatives.

**14. Do I Have To Attend The Fairness Hearing?**
No, but you are welcome to come at your own expense. If you send an objection, you may (but do not have to) come to Court to talk about it. As long as the Clerk of the Court received your written objection on time, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You also may pay your own lawyer to attend the Fairness Hearing.

**15. May I Speak At The Fairness Hearing?**
If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send the Clerk of the Court, at the address in Question 12, a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Reyes v. Bakery and Confectionery Union and Industry Pension Fund, et al*., Case No. 3:14-cv-5596 (JST)."
Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than [date]. You also may pay your own lawyer to attend the Fairness Hearing, but your lawyer should also send the Clerk of the Court a request for permission to speak at the Fairness Hearing, which must also be postmarked no later than [date].

**16. What Happens If I Do Nothing At All?**
As a Class Member, you will be bound by the terms of the Settlement if it is approved by the Court at the Fairness Hearing. But, unless you received the Letter of Exemption, if you do not submit the Application as described in Question 7, you will not receive any payment under the Settlement.

**17. How Do I Get More Information?**

If you have general questions regarding the Settlement, you can visit this website: www.bakeryclassaction.com, or you can contact the Settlement Administrator by calling (866) 274-4004, writing to Strategic Claims Services, 600 N. Jackson Street, Suite 3, Media, PA 19063, or emailing info@bakeryclassaction.com. Unless you received the Letter of Exemption, if you want to know whether you would be entitled to a share of the Settlement payment if the Settlement is approved, you will need to submit the Application, as described in Question 7. **DO NOT CALL THE COURT**.

BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND

# REYES SETTLEMENT APPLICATION

PLEASE NOTE: THIS FORM IS TO DETERMINE ELIGIBLITY TO RECEIVE BENEFITS UNDER THE TERMS OF THE REYES SETTLEMENT. COMPLETE THIS FORM AND SUBMIT IT AS INSTRUCTED **IF** YOU ARE NOT PRESENTLY RECEIVING A PENSION FROM THE PENSION FUND WITH A PENSION EFFECTIVE DATE BEFORE JUNE 1, 2016 **AND** YOU BELIEVE THAT (A) YOU WOULD HAVE BECOME ELIGIBLE FOR A GOLDEN 80 OR 90 BENEFIT BETWEEN MAY 1, 2012 AND MAY 31, 2016 AND (B) YOU WERE PREVENTED FROM RECEIVING THAT BENEFIT BECAUSE THE 2012 REHABILITATION PLAN REQUIRED PARTICIPANTS TO BE WORKING IN COVERED EMPLOYMENT WHEN THEIR AGE AND SERVICE FIRST REACHED THE TOTAL OF 80 OR 90. PLEASE DO <u>NOT</u> SUBMIT THIS FORM IF YOU ARE PRESENTLY RECEIVING A PENSION FROM THE PENSION FUND WITH A PENSION EFFECTIVE DATE BEFORE JUNE 1, 2016, **OR** IF YOU KNOW THAT THE SUM OF YOUR AGE AND YEARS IN COVERED EMPLOYMENT DID NOT EXCEED 80 PRIOR TO MAY 31, 2016. FOR MORE INFORMATION, CONTACT *Strategic Claims Services, (866) 274-4004 or www.bakeryclassaction.com or info@bakeryclassaction.com*

| PARTICIPANT'S DATA: (Please print or type) | | | |
|---|---|---|---|
| Social Security Number: | | | |
| Name (Last, First, Middle) | | | Other Last Name(s) |
| Address | Marital Status<br>Single ☐<br>Married ☐<br>Divorced ☐<br>Widowed ☐ | | Date of Birth<br>Month   Day   Year<br><br>     /          / |
| City, State, ZIP | Sex<br>Male ☐<br>Female ☐ | | Mother's Maiden Name |
| Telephone Number | Year Started in Industry | | Local Union Number |
| Name of Spouse | Spouse's Social Security # | | Spouse Date of Birth<br>Month   Day   Year<br><br>     /          / |

| EMPLOYMENT HISTORY: ATTACH ADDITIONAL SHEETS IF YOU NEED MORE SPACE | | | | |
|---|---|---|---|---|
| List below the full name and address of all bakery and/or confectionery companies you have worked for, including your last employer. Include all periods of self-employment in the industry. List job classifications and employment dates as exactly as possible. Indicate if your employers are still in business and local union number.    Employment Dates    Month / Year | | | | |
| Company Name | Job Classification | | | From<br>     / |
| Address | Local Union # | Union Contract<br>Yes ☐<br>No ☐ | Company Still in Business<br>Yes ☐<br>No ☐ | To<br>     / |
| Company Name | Job Classification | | | From<br>     / |
| Address | Local Union # | Union Contract<br>Yes ☐<br>No ☐ | Company Still in Business<br>Yes ☐<br>No ☐ | To<br>     / |

Case 4:14-cv-05596-JST   Document 131-1   Filed 04/12/17   Page 13 of 18

EXHIBIT A-2

**Additional Pension Credit**:

1. If you have served in the Armed Forces, you may be entitled to credit for this time. Fill in the dates below and enclose a photocopy of your discharge papers. Credit will only be granted if you went directly from covered employment in the Bakery and Confectionery Industry into the service and returned directly to the Industry when you were discharged.

    _____                   _____
    Date Entered                                       Date Discharged

2. You may be entitled to additional Pension Credits for Periods in which you were totally disabled.

    Please submit documentation from your Doctor, Employer or other sources verifying the dates you were out due to sickness, disability, Worker's Compensation or any other medical leave.

**Applicant's Affidavit**:

I hereby request a determination of my eligibility for a distribution under the Reyes Settlement. I declare under penalty of perjury that the above statements are true to the best of my knowledge and belief.

_____                   _____
Date                                               Signature of Applicant
                                                   If an (x) is used for signature, a witness must sign
                                                   and include his/her Social Security Number

_____                   _____
Signature of Witness (If Required)                 Social Security Number of Witness

INSTRUCTIONS:

1. Photocopies of the following documents must be submitted with this form:
   - The participant's birth certificate (or other proof of age)
   - Spouse's birth certificate (or other proof of age), marriage certificate, and (if applicable) divorce decree, **if** participant is now married, or was married at any time after May 1, 2012.
   - Additional documents described above under "Additional Pension Credit," if applicable.
   - Additional documents described below for Participant who is Deceased, if applicable.
2. DO NOT MAIL THE COMPLETED FORM TO THE PENSION FUND OFFICE.
3. Either mail the completed form and the necessary documents to: Strategic Claims Services, 600 N. Jackson Street, Suite 3, Media, PA 19063, fax: (610) 565-7985 or email complete PDFs of the form and documents to info@bakeryclassaction.com
4. The deadline for submitting applications is _____. The Application must be postmarked or emailed by that date.

SPECIAL INSTRUCTIONS TO APPLY ON BEHALF OF A PARTICIPANT WHO HAS DIED:

Along with this form you must also submit your name, address, telephone number, social security number and the date of the participant's death. You must enclose (I) the death certificate for the participant and (II) a document that shows you have the right to claim benefits on behalf of the participant (for example, letters of administration issued by a court, a court order admitting a will to probate, or an affidavit for collection of assets owed to a small estate).

IMPORTANT NOTE:

If you are currently receiving a pension other than a Golden 80 or Golden 90 pension, you may still be eligible for a distribution under the Reyes settlement agreement. If you receive such a settlement distribution, it will not affect the pension you are currently receiving. If you received a "Letter of Exemption" in the mail, you do not need to submit this application in order to receive your distribution under the settlement agreement. If you are not currently receiving another type of pension, any distribution you receive under the terms of the Reyes settlement agreement will not affect your right to receive a pension under the Plan Rules and Regulations in the future. AND, EVEN IF YOU SUBMIT THIS APPLICATION, YOU STILL WILL NEED TO SUBMIT A REGULAR APPLICATION TO THE PENSION FUND WHEN YOU ARE READY TO RETIRE.

EXHIBIT A-3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN M. REYES, et al.,<br><br>vs.<br><br>BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND, et al. | **Case No.  3:14-cv-5596-JST** |

**PUBLICATION NOTICE OF PROPOSED**
**SETTLEMENT OF CLASS ACTION**

**IF YOU ARE A PARTICIPANT IN THE BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND (THE "FUND"), YOUR RIGHTS MAY BE AFFECTED BY A PROPOSED CLASS ACTION SETTLEMENT.  AND IF YOU ARE A PARTICIPANT AND THINK YOU MAY HAVE BECOME ELIGIBLE FOR A GOLDEN 80 OR GOLDEN 90 BENEFIT BETWEEN MAY 1, 2012 AND MAY 31, 2016 ("PAYMENT PERIOD"), YOU MAY BE ENTITLED TO RECEIVE A PAYMENT IN THE PROPOSED SETTLEMENT.**

Please read this notice carefully.  Your rights may be affected by the proposed settlement described in this notice.  The proposed settlement is described in more detail in the Settlement Agreement and in a longer Notice that is available online at www.bakeryclassaction.com.

The proposed settlement resolves certain claims asserted in a Class Action against the Fund and its Trustees concerning a 2012 plan amendment affecting eligibility for what are known as Golden 80 or Golden 90 benefits, which are subsidized early retirement benefits that generally become available when the sum of a participant's age and years in covered employment exceeds 80 (or, in the case of the Golden 90 plan, 90).  Prior to the 2012 plan amendment, the Fund permitted participants to "age into" Golden 80 or 90 pensions.  That is, a participant could leave covered employment before the sum of her age and service met the 80- or 90-year threshold but still become eligible for the full benefits when, later, the threshold sum of years was met because the participant had gotten older.  In 2012, the Fund adopted the 2012 Rehabilitation Plan that included, among other things, an amendment requiring participants, with

certain exceptions, to be working in covered employment in order to become eligible for Golden 80 or 90 benefits.

The Class Action is brought on behalf of participants in the Fund or, if deceased, their beneficiaries or Estates, who (i) accrued (a) years of covered Employment credits and (b) age credits towards eligibility for pension benefits under Plan C or Plan G of the Fund, and (ii) who would be eligible for Plan C or Plan G benefits except that their age and years of service first totaled 80 or 90 on or after May 1, 2012 at a time when they were not working in covered employment.  All such individuals are "Class Members," and the proposed settlement affects their rights.

Under the proposed settlement, in exchange for the Class Members releasing certain claims, those Class Members who would have become eligible for a Golden 80 or 90 benefit during the Payment Period (May 1, 2012 to May 31, 2016) if the 2012 plan amendment had not eliminated the ability to "age into" such benefits qualify for a settlement award to be calculated as described in the Settlement Agreement.  The amounts of the settlement award for each individual will vary based on the amount (if any) of pension benefits already received by the Class Member.  Those payments will equate to roughly thirty-seven percent (37%) of the difference between what the Class Member should have received during the Payment Period less the amount of any other benefits received from the Fund during the Payment Period, and subtracting the Class Member's share of administrative expenses, and attorneys' fees and expenses as well as compensation for Class Representatives if awarded by the Court and while this amount will be reduced by the Class Members' share of attorneys' fees and expenses allowed by the Court, the amount payable to Class Members is not expected to fall below twenty-five percent (25%) of the difference due to those fees and expenses.  The Fund and its

Trustees will also agree to an injunction prohibiting the enforcement of the 2012 plan amendment as to any pension application with a pension effective date on or after June 1, 2016 and further prohibiting the Fund from enforcing the 2012 plan amendment in a manner that would be inconsistent with the claims procedure.

A hearing will be held on the proposed settlement on _____, at __:__ a.m. before the Honorable Jon S. Tigar in the United States District Court for the Northern District of California, in Courtroom 9, at the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.  The purpose of the hearing is to determine whether the proposed settlement should be approved by the Court as fair, reasonable, adequate and in the best interests of the Class.  At the hearing, the Court will also consider whether judgment should be entered dismissing all claims in the litigation with prejudice, approving the claims procedure, and ruling on a request by Class Counsel for attorneys' fees and expenses which will be due at least 56 days before the hearing.  If you are a member of the Class, you will be bound by the Order and Final Judgment of the Court entered with respect to the Settlement.

A description of the settlement and the rights of Class Members with respect to the settlement are contained in a Notice that has been mailed to identifiable potential Class Members and posted on www.bakeryclassaction.com.  If you are a member of the Class, you may be entitled to share in the distribution of the Settlement Fund.  If you are not already receiving another form of pension from the Fund with an effective date before June 1, 2016, you will be required to file an Application Form by no later than _____, 20__.  If you think you may be affected by the proposed settlement, please visit www.bakeryclassaction.com and carefully review the information there.  You also have the right to object to the proposed settlement or other matters to be considered by the Court at the hearing, in accordance with the procedures

described in the Notice. If you did not receive a copy of the Notice by mail, you may obtain it and an Application Form, or other information, by writing to the following address, calling the following telephone number, or on the Internet at:

Strategic Claims Services
600 N. Jackson Street, Suite 3
Media, PA 19063
(866) 274-4004
www.bakeryclassaction.com
info@bakeryclassaction.com.

**Please do <u>not</u> call the Clerk of the Court or Judge Tigar for information.**

Exhibit A-4

# **LETTER OF EXEMPTION**

[Date]

[Address]

**Re:     Letter of Exemption from Being Required to Apply for a Settlement Award**
*Reyes, et al. v. Bakery & Confectionery Union & Industry Int'l Pension Fund, et al.*, **No. 3:14-cv-05596-JST**

Dear [Name],

You are receiving this Letter of Exemption because the Pension Fund's records indicate that, under the terms of the Settlement Agreement described in the accompanying Settlement Notice, the Settlement Administrator will determine your eligibility for a Settlement Award without your having to submit an application. You are exempt from the application requirement. Please do <u>not</u> submit an application, as it will have no bearing on the amount, if any, that you are entitled to under the Settlement Agreement.

In approximately four (4) weeks, you will receive a separate letter setting forth a statement of the calculated benefits under the settlement, and explaining any additional actions you will need to take to receive your payment. There is nothing you need to do until that time. To reiterate: <u>Please do not submit an application</u>.

If you have any questions in the meantime, you can visit www.bakeryclassaction.com, or you can contact the Settlement Administrator by calling (866) 274-4004, writing to Strategic Claims Services, 600 N. Jackson Street, Suite 3, Media, PA 19063, or emailing info@bakeryclassaction.com.

Sincerely,

Settlement Administrator
[Contact info]