1  GEOFFREY V. WHITE (SBN. 068012)
   LAW OFFICE OF GEOFFREY V. WHITE
2  21-C Orinda Way #324
   Orinda, California 94563
3  Telephone: (415) 373-8279
   Facsimile:  (415) 484-7692
4  Email:  gvwhite@sprynet.com

5  THOMAS O. SINCLAIR (*Adm. pro hac vice*)
   SINCLAIR LAW FIRM LLC
6  2100-A Southbridge Pkwy, Suite 336
   Birmingham, Alabama 35209
7  Telephone:  205.868.0818
   Facsimile:   205.868.0894
8  Email:  tsinclair@sinclairlawfirm.com

CLASS COUNSEL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUAN M. REYES, SALVATORE TAGLIARENI, ANGEL DE LA CRUZ, ANTONIO MEROLLA, SMAIL MUSOVIC, TESFAYE GHEBREMEDHIN, PHILIP ROGERS, ALMOND REID, CARMELO CALABRO, RUSSELL NEUBERT, and JOHN WILLIAMS**, individually and as representatives on behalf of a class of similarly situated persons, <br><br>       Plaintiffs, <br>  vs. <br><br> **BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND; and STEVEN BERTELLI, DAVID B. DURKEE, JETHRO A. HEAD, ART MONTMINY, JAMES RIVERS, RANDY D. ROARK, BARBARA BRASIER, TRAVIS CLEMENS, JON MCPHERSON, LOU MINELLA, DOUG RUYGROK, and JOHN WAGNER,** in their official capacities as Trustees, <br><br>       Defendants. | Case No.  3:14-cv-5596-JST <br><br> CLASS ACTION <br><br> **CLASS COUNSEL REPORT AND SUPPORTING DOCUMENTATION ON COSTS (RESPONSIVE TO COURT ORDERS AT ECF 158 AND 162)** |

Pursuant to the Court's direction at the September 28, 2017 Final Fairness Hearing and subsequent Order (ECF 158), Class Counsel were directed to report to the Court on November 9, 2017, as to the amount of Incidental Monetary Consideration that will be distributed to certain Class Members under the terms of the Second Amended Stipulation of Settlement. ECF 125. The Court further directed to advise it if the Settlement application process was not completed. Additionally, Class Counsel was to file on all costs invoices on November 9, 2017. ECF 162.

**RESPONSE TO ORDER (ECF 158) ON STATUS OF APPLICATION PROCESS**

While the process is nearly at an end, the work is not yet complete. To date the Settlement Administrator has received, processed, and submitted to the Pension Fund 1,161 Applications from Class Members who might be eligible to receive incidental monetary relief. These Applications are in addition to the 1,124 In Pay Status Class Members who were not required to file Application forms in order to receive the Incidental Monetary Relief. The Settlement Administrator has received Pension Fund decisions on 1,048 Applications. The Settlement Administrator is waiting on the Pension Fund to provide a decision on another 113 Applications (1,161 Applications submitted – 1,048 decisions provided = 113).

As to amounts to be paid on the 1,048 Applications which have decisions and to the In Pay Status Class Members:[1] The Fund has approved payment of $9,862,059.49. The Fund's original estimate of payments to the remaining 113 Applications (if approved) was approximately $520,000.00. While the Parties have a dispute which arose during the processing of the 113 pending Applications,[2] the total rate of participation reflected by these figures stands at:

- 77.21% (percentage of participating Class Members entitled to monetized relief)

---

[1] The Pension Fund is currently scheduled to provide funding on these 33 days after this Court grants Final Approval.
[2] Class Counsel will be filing a motion next week to seek a ruling on how to proceed if the parties are unable to resolve this issue.

CLASS COUNSEL REPORT AND SUPPORTING DOCUMENTATION ON COSTS      2
(RESPONSIVE TO COURT ORDERS AT ECF 158 AND 162)
Case No. 3:14-cv-5596-JST

- 81.04% (Currently Approved Payments of $9,862,059.49 divided by the amount made available to Class as set out in CAFA notice of $12,168,789.21)

- 85.31% (Currently Approved Payments of $9,862,059.49 PLUS Amount of Pending Applications awaiting decisions $520,000.00 ($10,3802,059.49) divided by the amount made available to Class as set out in CAFA notice of $12,168,789.21)

**RESPONSE TO ORDER (ECF 162) ON DOCUMENTATION OF COSTS AND FEES**

Attached as Exhibits 1-4 are declarations by Class Counsel attaching each firm's supporting documentation (invoices and the like) on costs incurred and the Settlement Administrator's declaration (Exhibit 5) with invoices attached. For ease of reference, the following chart of costs is provided:

|  | **Spanier** | **Frumkin** | **Sinclair** | **White** | **TOTALS** |
|---|---|---|---|---|---|
| Citrix ShareFile |  |  | 937.50 |  | 937.50 |
| Copies/Fax | 10.50 |  | 633.76 |  | 644.26 |
| Court Fees | 310.00 | 1,010.00 | 695.41 |  | 2,015.41 |
| Document Production Fees |  |  | 136.85 |  | 136.85 |
| Electronic Research | 8,261.35 |  | 1,656.30 | 3,577.92 | 13,495.57 |
| Expert Fees | 3,778.63 | 3,070.90 | 3,707.76 | 3,424.76 | 13,982.05 |
| Federal Express | 46.00 | 16.26 | 140.78 |  | 203.04 |
| Mediator Fees | 12,879.86 |  | 6,906.00 |  | 19,785.86 |
| Postage |  | 53.29 | 275.09 |  | 328.38 |
| Teleconference |  |  | 462.08 |  | 462.08 |
| Travel | 3,782.10 | 2,828.91 | 10,933.48 | 3,889.71 | 21,434.20 |
|  |  |  |  |  |  |
| TOTALS | 29,068.44 | 6,979.36 | 26,485.01 | 10,892.39 | **73,425.20** |
|  |  |  |  |  |  |
| Settlement Administrator Costs |  |  |  |  | **270,416.19** |

On the issue of Fees, and for ease of reference the following updated chart (now including the hours on seeking final approval, monitoring the application process and continuing to assist Class members with appeals) is provided:

| | *Fees* | *Rates* | *Hours* |
|---|---|---|---|
| **Abbey Spanier** | 397,530.00 | | 536.9 |
| Judy Spanier | | 875 | |
| Nancy Kaboolian | | 700 | |
| Natalie Marcus | | 540 | |
| Yvonne Gadsden | | 350 | |
| | | | |
| **Frumkin & Hunter** | 393,166.00 | | 676.6 |
| Bill Frumkin | | 700 | |
| Elizabeth Hunter | | 500 | |
| Alexandra Manfredi | | 200 | |
| Jenna Beirlein | | 200 | |
| | | | |
| **Geoffrey V. White** | 200,410.00 | 700 | 286.3 |
| | | | |
| **Sinclair Law Firm** | 815,365.00 | | 1498 |
| Tom Sinclair | | 625 | |
| Lee Fernon | | 250 | |
| Claudette Fowler | | 125 | |
| | | | |
| **TOTALS** | **1,806,471.00** | | **2997.8** |

In a common fund case, fees should be based on the totality of funds made available for the benefit of the class, regardless of whether class members file claims. *Boeing v. Van Gemert*, 444 U.S. 156 (1980) (attorneys' fees based on the gross settlement fund rather than on the funds actually claimed); *Williams v. MGM-Pathe Commun. Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) ("The class' attorneys contend that the district court should have calculated their fee as one-third of the entire $4.5 million settlement fund, for a fee of about $1.5 million, rather than calculating it as one-third of the class members' claims against that fund, for a fee of only $3,300. We conclude that the district court abused its discretion by basing the fee on the class members' claims against the fund rather than on a percentage of the entire fund or lodestar."); *see also, e.g.*, *Lopez v. Youngblood*, No. CV-F-07-0474 (DLB) 2011 WL 10483569 (E.D. Cal. Sept. 2, 2011) (citing *Boeing v. Van Gemert*).

The Ninth Circuit has *not* adopted the approach used by some other courts that calculate a percentage-of-recovery fee award based on the "net" common fund after deducting

notice and claims administration expenses. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 953 (9th Cir. 2015) (affirming attorney fee award "as a percentage of the total settlement fund, including notice and administrative costs, and litigation expenses"); *Powers v. Eichen*, 229 F.3d 1249, 1258 (9th Cir. 2000) (rejecting of requirement to base an award on a percentage of the net recovery, noting that "the reasonableness of attorney's fees is not measured by the choice of the denominator").

The same principles apply here. As a result of the way in which the settlement was structured, and based on class counsel's already described work, the claims rate (take rate) is 77% when counting by Class Member and above 85% in terms of dollars made available which will now be paid if all the outstanding claims are allowed. Unlike ordinary common fund cases, class counsel and the Settlement Administrator have reached out to all class members who are or may be entitled to the incidental monetary relief to encourage them to file claims. This effort, which far exceeded even those requirements set out in the Court's orders on this issue, is reflected in this extraordinary participation rate.

Dated: November 9, 2017

ABBEY SPANIER LLP
FRUMKIN & HUNTER LLP
LAW OFFICE OF GEOFFREY V. WHITE
SINCLAIR LAW FIRM LLC

By:  /s/ *Thomas O. Sinclair*
WILLIAM D. FRUMKIN (*admitted pro hac vice*)
ELIZABETH E. HUNTER (*admitted pro hac vice*)
NANCY KABOOLIAN (*admitted pro hac vice*)
THOMAS O. SINCLAIR (*admitted pro hac vice*)
JUDITH L. SPANIER (*admitted pro hac vice*)
GEOFFREY V. WHITE

Attorneys for Plaintiffs